**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

NORTHEAST PLASTIC SURGERY                 :
CENTER, LLC                                             :          CIVIL CASE NO.
          Plaintiff,                                        :          3:25-CV-1476 (JCH)
                                                             :
                                                             :
v.                                                          :
                                                             :
                                                             :
CIGNA HEALTH AND LIFE INSURANCE      :
COMPANY,                                             :          JULY 21, 2026
          Defendant.                                  :

**RULING ON MOTION TO DISMISS BY DEFENDANT CIGNA HEALTH AND CROSS MOTION FOR SUMMARY JUDGMENT BY PLAINTIFF NORTHEAST (Docs. Nos. 18, 20)**

**I.      INTRODUCTION**

The plaintiff, Northeast Plastic Surgery Center, LLC ("Northeast"), filed suit against defendant, Cigna Health and Life Insurance Company ("Cigna"), with allegations concerning nonpayment of medical bills.  See Complaint (Doc. No. 1).  Specifically, Northeast alleges a violation of the Federal Arbitration Act, 9 U.S.C. § 9, and a violation of the No Surprises Act ("NSA"), 42 U.S.C. §§ 300gg-111.  Id.

Before the court is Cigna's Motion to Dismiss.  See Motion by Defendant Cigna Health and Life Insurance Company to Dismiss Plaintiff Northeast Plastic Surgery Center, LLC's Complaint ("Mot. to Dismiss") (Doc. No. 18).  Northeast filed an opposition to the Motion and a Cross-Motion for Confirmation/Summary Judgment.  See Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint and in Support of Plaintiff's Cross-Motions to Confirm and/or for Summary Judgment ("Pltf's Opp'n and Cross-Motion for SJ") (Doc. No. 20).  Cigna filed a Reply. See Defendant Cigna Health and Life Insurance Company's Reply Memorandum in Further Support of its Motion to Dismiss Plaintiff Northeast Plastic Surgery Center,

1

LLC's Complaint in Opposition to Plaintiff's Cross-Motion to Confirm and for Summary Judgment ("Def's Reply") (Doc. No. 21); see also Cigna 56(a)(2) Statement of Facts in Opposition to Summary Judgment ("56(a)(2) Stats.") (Doc. No. 21-4).

Northeast has alleged four occasions when physicians at Northeast provided emergency medical treatment to a Cigna insured patient on an emergency basis, out of network: May 18, 2023, patient K.P.; March 2, 2023, patient L.T.[1]; September 12, 2022, patient C.M.; October 30, 2023, patient C.M.  See Complaint at 2-9.  However, the Pltf's Opp'n and Cross Motion for Summary Judgment only discuss patient L.T and submitted 56(a) Statements with regard to only that patient as Northeast is no longer pursuing its claims as to DISP-1680071, DISP-1650645, and DISP-1599342, as alleged in the Complaint.  See Pltf's Opp'n and Cross Motion for Summary Judgment at p.1 n. 1; see also 56(a)(2) Stats. at ¶¶ 3-5.

Northeast replied in support of its Cross-Motion.  See Plaintiff's Reply Memorandum in Further Support of Plaintiff's Cross-Motions to Confirm and/or for Summary Judgment ("Pltf's Reply") (Doc. No. 22).  Cigna filed a Notice of Supplemental Authority.  See Notice of Supplemental Authority ("Cigna Suppl. Authority") (Doc. No. 23).  Northeast filed a Notice of Supplemental Authority.  See Notice of Supplemental Authority ("Northeast Suppl. Authority") (Doc. No. 24).

Based on the following, Northeast has a cause of action to enforce the IDR award.  Further, under 12(b)(6), it has pled such a cause of action.  Therefore, Cigna's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) is denied.  The court

---

[1] Northeast says a scrivener's error in the Complaint wrongfully indicates this patient was treated on February 14, 2022, at Yale New Haven Health Bridgeport Hospital.  The Ruling reflects the 2023 date. See Pltf's Opp'n and Cross Motion for SJ at 2.

denies Cigna's Motion to Dismiss (Doc. No. 18), and the court grants Northeast's Cross Motion for Summary Judgment (Doc. No. 20).[2]

## II.    BACKGROUND

### A.    Statute Background

Congress enacted the NSA as part of the Consolidated Appropriations Act of 2021, effective January 1, 2022.  See Pub. L. No. 116-260, div. BB, tit. I, 134 Stat. 1182, 2758–2890 (2020).  Congress recognized that surprise medical bills—particularly those arising from out-of-network emergency care—"can result in financial ruin" for patients. H.R. Rep. No. 116-615, pt. 1, at 52 (2020). To remedy this, the NSA prohibits out-of-network providers from billing patients beyond their in-network cost-sharing obligations and directs disputes over the payment owed to providers to be resolved between the insurer and provider, not the patient.

After receiving services, an out-of-network provider submits a claim directly to the insurer, which must issue an initial payment or denial within thirty days.  See 42 U.S.C. § 300gg-111(a)(1)(C)(iv)(I).  If the provider disagrees with the insurer's determination, it may initiate a thirty-day open negotiation period.  See 42 U.S.C. § 300gg-111(c)(1)(A). If negotiations fail, either party may initiate the IDR process within four business days. See 42 U.S.C. § 300gg-111(c)(1)(B).  A certified IDR entity ("CIDRE") then adjudicates the dispute through "baseball-style" arbitration, selecting one of the two offers submitted by the parties after considering statutorily enumerated factors.  See 42 U.S.C. § 300gg-111(c)(5)(A)–(C).

---

[2] To be clear to the reader and parties, Northeast brought this suit to confirm the arbitration awards for four patient disputes.  Northeast has a cause of action to enforce the IDR and has pled such a cause of action for all four patient disputes.  However, Northeast only moved for summary judgment as to patient dispute, L.T., and withdrew the other claims.  See Pltf's Opp'n and Cross Motion for SJ at 1 n. 1. Therefore, the only claim remaining is for patient L.T.

The statute declares that the CIDRE's determination "shall be binding upon the parties involved in the absence of a fraudulent claim or evidence of misrepresentation of facts."  See 42 U.S.C. § 300gg-111(c)(5)(E)(i)(I).  Payment "shall be made directly to the nonparticipating provider . . . not later than 30 days after the date on which such determination is made."  See 42 U.S.C. § 300gg-111(c)(6).  The statute further provides that the determination "shall not be subject to judicial review, except in a case described in any of paragraphs (1) through (4) of section 10(a) of title 9."  See 42 U.S.C. § 300gg-111(c)(5)(E)(i)(II).

B.    Case Background[3]

Plaintiff, Northeast Plastic Surgery Center, LLC, ("Northeast") is a reconstructive surgery medical practice specializing in plastic surgery.  See 56(a)(2) Stats. at ¶ 1. Northeast does not have a network contract with Cigna and therefore is an out-of-network provider.  Id. at ¶ 2.  On March 2, 2023, Northeast provided medical services for patient L.T. at a hospital in Connecticut.  Id. at ¶ 3.  After treating the patient, Northeast submitted a medical bill to Cigna for $20,800.  Id. at ¶ 5.  Cigna did not provide payment.  Id. at ¶ 6.  Northeast initiated an Independent Dispute Resolution

---

[3] Cigna adds additional facts in its response to the Rule 56(a)(1) Statements.  See Additional Material Facts at 3-4 (Doc. No. 21-4).  These facts were considered but they are not used in the court's analysis.  First, they add no additional material issues of fact whether the IDR award can be enforced. Second, the additional facts are an invitation for this court to delve into the dispute, which the IDR has already determined.  This court cannot, without cause, review the IDR determination.  See, infra, at Part IV.B-C.  Cigna already had the opportunity to present these facts and arguments to the IDR, which was not persuaded.  Cigna has not submitted any filings or motions attempting to overturn the IDR award based on the limited applicable categories (fraud, corruption, misconduct).  Instead, Cigna now asks the court to engage in judicial review after it lost the IDR determination, despite arguing in multiple cases, including this case, that the court cannot review the IDR determination.  See, infra, Part IV.C; see also Ruling on Motion to Dismiss and Cross Motion for Summary Judgment Shareef Jandali Plastic Surgery, LLC v. Cigna Health and Life Insurance Company, No. 25-cv-01168-JCH (D. Conn. July 21, 2026).

This court will address in detail these arguments later in its Ruling.

("IDR") process as called for by the No Surprises Act ("NSA").  Id. at ¶ 9.  The CIDRE ruled in favor of Northeast and awarded $20,800 to Northeast for DISP-16595857.  Id. at ¶ 11.  Cigna has failed to issue the IDR determined payment.  Id. at ¶ 13.  As of the date of this Ruling, more than 625 days have elapsed since the date of the determination.  Id. at ¶ 14.

## III.    LEGAL STANDARD

### A.    Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  The plaintiff bears the burden of proving the existence of subject matter jurisdiction.  Id. at 113.  In determining whether the plaintiff has met this burden, the court must accept as true all factual allegations in a complaint and draw all reasonable inferences in favor of the plaintiff.  See Carter v. HealthPort Techs., LLC, 822 F.3d 47, 57 (2d Cir. 2016); Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).  The court may also rely on evidence outside a complaint in deciding a Rule 12(b)(1) motion.  See Makarova, 201 F.3d at 113.

### B.    Rule 12(b)(6)

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.

Reviewing a motion to dismiss under Rule 12(b)(6), the court liberally construes the claims, accepts the factual allegations in a complaint as true, and draws all reasonable inferences in the non-movant's favor. See La Liberte v. Reid, 966 F.3d 79, 85 (2d Cir. 2020). However, the court does not credit legal conclusions or "[t]hreadbare recitals of the elements of a cause of action." Iqbal, 556 U.S. at 678. In deciding a motion to dismiss under Rule 12(b)(6), courts may consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

C.      Motion for Summary Judgment Standard

A motion for summary judgment may be granted only when the moving party can establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Wright v. N.Y. State Dep't of Corr., 831 F.3d 64, 71-72 (2d Cir. 2016). If the moving party satisfies this burden, the nonmoving party must set forth specific facts demonstrating that there is indeed "a genuine issue for trial." See Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009). A genuine issue of fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." See Cross Com. Media, Inc. v. Collective, Inc., 841 F.3d 155, 162 (2d Cir. 2016). Unsupported allegations do not create a material issue of fact and cannot overcome a properly supported motion for summary judgment. See Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000). In assessing the record to determine whether there are disputed issues of material fact, the trial court must "resolve all ambiguities and draw all inferences in favor of the party against whom summary

6

judgment is sought." See LaFond v. Gen. Physics Servs. Corp., 50 F.3d 165, 175 (2d Cir. 1995).

## IV.    DISCUSSION

This court incorporates and expressly relies upon its analysis in Shareef Jandali Plastic Surgery LLC v. Cigna Health and Life Insurance Co., No. 3:25-CV-1168 (JCH) (D. Conn. July 21, 2026) (Doc. No. 36) ("Shareef Jandali").  This instant case is the second time the court takes up the same issue of law.  Id.  This court relies upon its detailed analysis of law in Shareef Jandali and will apply the relevant new facts in a brief analysis below, highlighting any relevant differences.

### A.    Subject Matter Jurisdiction

Cigna begins by arguing that this court does not have subject matter jurisdiction. See Mot. to Dismiss at 11.  It argues that there is no cause of action under the NSA and, because plaintiff cannot state a claim upon which relief can be granted, the case should be dismissed.  Id.

As this court held in Shareef Jandali, the claim must arise under federal law on the face of a well-pleaded complaint.  See Shareef Jandali, at 7-11.  Other courts have determined that subject matter jurisdiction does exist and have issued opinions in situations similar to this case.  See generally Agag v. Cigna Health & Life Ins. Co., No. 3:25-CV-00498 (SRU), 2026 WL 1021213, at *6 (D. Conn. Apr. 15, 2026) (holding the court possesses subject matter jurisdiction because the claim arises under federal law on the face of a well pleaded complaint); PHI Health, LLC v. Optimum Choice, Inc., 2026 WL 850453, No. 25-cv-2320-ABA (D. Md. Mar. 27, 2026); Guardian Flight LLC v. Aetna Life Ins. Co., 789 F. Supp. 3d 214 (D. Conn. 2025) (holding that the NSA created a private right of action for providers to enforce independent dispute resolution awards);

7

see also Brief for the United States as Amicus Curiae in Support of Plaintiffs-Appellants at 6, Guardian Flight, L.L.C. v. Health Care Serv. Corp., 140 F.4th 271 (5th Cir. 2025), 2024 WL 4451970 ("Gov't Amicus Br.") (arguing that the NSA supports judicial enforcement of payment determinations).  This court likewise concludes there is subject matter jurisdiction because, "concluding otherwise would ignore the low bar that exists for federal question jurisdiction."  See Agag, 2026 WL 1021213, at *6 (D. Conn. Apr. 15, 2026).  Therefore, the court denies the defendant's Motion to Dismiss based on lack of subject matter jurisdiction.

        B.        The NSA Authorizes Judicial Enforcement of IDR Awards

This court joins the courts which have determined that the NSA permits a provider to seek judicial enforcement of a binding IDR determination award.  See generally Agag, 2026 WL 1021213 (D. Conn. Apr. 15, 2026); PHI Health, LLC v. Optimum Choice, Inc., 2026 WL 850453, No. 25-cv-2320-ABA (D. Md. Mar. 27, 2026); Guardian Flight LLC v. Aetna Life Ins. Co., 789 F. Supp. 3d 214 (D. Conn. 2025); see also Brief for the United States as Amicus Curiae in Support of Plaintiffs-Appellants, Guardian Flight, L.L.C. v. Health Care Serv. Corp., 140 F.4th 271 (5th Cir. 2025).

Cigna argues that there is no private right of action and, because creating a cause of action is a legislative endeavor, this court cannot read one into being.  See Mot. to Dismiss at 12.  Cigna supports its argument with a Fifth Circuit decision which held that the NSA contains no private right of action in an enforcement of an IDR determination.  See Guardian Flight, L.L.C. v. Health Care Serv. Corp., 140 F.4th 271 (5th Cir. 2025).  Further, Cigna argues that there is no implied right of action, and the text of the NSA confirms Congress's choice to omit a private right of action.  Id. at 15-18.  Northeast argues that the plain text, structure, and background of the NSA create a

right for a provider to be paid and establish that the NSA confirms a right of action to enforce the insurer's obligation to pay.  See Pltf's Opp'n at 4-7.

This court incorporates the analysis of each of the following points from Shareef Jandali and briefly sets forth the following conclusions.

> 1.      The NSA's Text and Structure Create an Enforceable Right

As this court detailed at length in Shareef Jandali, the NSA's text is both direct and specific in mandating that IDR determinations "shall be binding upon the parties involved, in the absence of a fraudulent claim or evidence of misrepresentation of facts", and that payment "shall be made directly to the nonparticipating provider or facility not later than 30 days after the date on which such determination is made."  See 42 U.S.C. § 300gg-111(c)(5)(E)(i)(I); 42 U.S.C. § 300gg-111(c)(6); see also Shareef Jandali at 8-11.  The Supreme Court has stated that "magic words explicitly inviting suit" are not required, and statutory "shall pay language" reflects Congress's intent to "create both a right and a remedy."  See Maine Cmty. Health Options v. United States, 590 U.S. 296, 323-325 (2020); Alexander v. Sandoval, 532 U.S. 275, 288 (2001).

Here the statute tells the insurer that it shall pay; it further specifies the amount to be paid (the IDR determination award), the recipient (the provider), and even a deadline (30 days).  This reflects Congressional intent to create both a right and a remedy, in essence a money mandating obligation.  See Maine Cmty. Health Options v. United States, 590 U.S. 296, 301.  Where Congress has unambiguously created rights that the statutory text, structure, and context reveal Congress intended to be enforceable in court, this court cannot ignore that congressional intent.  See generally Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 168 (2023) (when defendant seeks to prove implicit denial of cause of action in statute).

Congress, determined to protect patients from not only the "surprise" of unexpectedly high bills but also from being involved in drawn-out payment disputes, created the IDR process as the solution.  See PHI Health, LLC v. Optimum Choice, Inc., 2026 WL 850453, at *22 (D. Md. Mar. 27, 2026)  Once that process culminates in a binding IDR award, Congress made clear there should be no further obstacle to the provider being paid—and paid promptly.  Id.

The statute's structure reinforces this conclusion.  The NSA stripped out-of-network providers of their pre-existing common-law rights to collect payment from patients.  See 42 U.S.C. §§ 300gg-131, 132.  Having extinguished those state-law remedies, Congress "replaced those rights with a federal right with both procedural and substantive components."  See PHI Health, LLC v. Optimum Choice, Inc., 2026 WL 850453, at *17–18.  The procedural right is the entitlement to pursue the IDR process and obtain a determination from the IDR.  The substantive right is the express mandate that the determination be paid.  If providers were intended to have no judicial avenue to enforce the right it simultaneously created and acknowledged as "binding," Congress would have written a statute that is "inconceivable."  Id. at *30.

### 2.    The No Judicial Review Clause Does Not Bar Confirmation

This court has analyzed the phrase "shall not be subject to judicial review" in Shareef Jandali, in concluding that this clause does not bar judicial confirmation of an IDR award.  See Shareef Jandali at 11–14.  The ordinary meaning of "judicial review" relates to the examination and potential overturning of a prior decision.  See 5 U.S.C. § 706(2); Agag, 2026 WL 1021213, at *27-28 (cataloguing three definitions of "judicial review" from Black's Law Dictionary, none of which encompass confirmation).

10

A petition to confirm an IDR award, present in this case, does not ask this court to review, revise, or even scrutinize the merits of the IDR determination.  It simply asks what the statute says, to give legal effect to a "binding" award.  This distinction is not semantics.  The "judicial review" provision in the NSA, which limits court's ability to vacate a decision, relates to challenges to an IDR award, which are limited to only those identified in "paragraphs (1) through (4) of section 10(a) of Title 9" (§ 300gg-111(c)(5)(E)(i)(II)), such as "fraud," "corruption" "partiality," or a "refus[al] to hear evidence pertinent and material to the controversy."  See 9 U.S.C. § 10(a)(1)–(4).  Congress made it clear in the text that the non-prevailing party is not entitled to seek a "do-over" in federal court.  The parties have already engaged in the IDR process.  One party prevailed and is now seeking legal effect of the determination, not a do-over.

As this court explained in Shareef Jandali, there was no need for Congress to incorporate section 9.  The NSA's own "binding" and "shall be paid" language already creates legal obligations that are automatically effective.  See Shareef Jandali, at 12–14; PHI Health, 2026 WL 850453, at *26–27.  Those words do not appear in section 9 of the FAA.  Id.; see also 9 U.S.C. sections 1–16.

### 3.    Statutory Interpretation

As this court described in Shareef Jandali, even if the statutory text were found to be ambiguous, the canon against surplusage would independently compel the same result.  See Shareef Jandali at 15-16.  That canon requires that "effect is given to all [statutory] provisions, so that no part will be inoperative or superfluous, void or insignificant," and it is at its strongest when an interpretation would render superfluous another provision within the same statutory scheme.  See Corley v. United States, 556 U.S. 303, 314 (2009); see also Marx v. Gen. Revenue Corp., 568 U.S. 371, 386 (2013).

11

Cigna's reading does precisely that: it strips the word "binding" in section 300gg-111(c)(5)(E)(i)(I) of all legal force and renders the thirty-day payment mandate in section 300gg-111(c)(6), a provision specifying a payee, an amount, and a deadline, entirely unenforceable surplusage.  The canon against surplusage requires this court to avoid that outcome.  See Shareef Jandali, No. 3:25-CV-1168, at 15–16.

    4.    NSA's Administrative Remedies are not a Comprehensive Enforcement Scheme

This court rejected Cigna's argument made in Shareef Jandali that the HHS civil monetary penalty mechanism set up by Congress is adequate enforcement.  See 42 U.S.C. § 300gg-22(b)(2)(C); see also Shareef Jandali at 15–17.  The HHS penalty is paid to the government, not to the provider; there is no mechanism by which HHS can direct an insurer to pay an IDR award to a provider.  Further, the possible $100-per-day penalty creates perverse incentives for insurers to choose prolonged non-payment over compliance.  See PHI Health, 2026 WL 850453, at *33–34.  That incentive is on display in this case.  The IDR award at issue is $20,800.  See Complaint at 1-2.  At $100 per day, it would take Cigna 208 days of HHS-imposed penalties to equal the amount owed.  Further, those penalties are mere possibilities and flow to the government, not to Northeast, the provider.

Additional empirical evidence confirms that administrative enforcement alone is inadequate.  The December 2023 GAO Report found that the majority of providers who won IDR awards reported them remaining unpaid past the 30-day deadline.  See GAO-24-106335, at 32.  The January 2025 CMS study of an insurance plan covering Indiana found that 18 of 28 IDR awards sampled were not paid within the required 30 days. See https://www.cms.gov/files/document/ambetter-indiana.pdf at 6.

12

C.      Cigna's Coverage Denial Defense is Not Persuasive

This case presents a similar coverage defense that this court addressed in Shareef Jandali.  Here, Cigna argues that the medical services were not covered under the terms of the patient's health plan.  See Def's Reply at 20.  Cigna argues that, because Cigna determined there to be a coverage issue, there is no payment determination; therefore, the NSA is not triggered.  Id. at 18–22.

The court is not persuaded.

First, Cigna engaged in the IDR process.  See Complaint Ex. 4 IDR DISP-16595857 (Doc. No. 20-4).  In its submissions, Cigna argued that the qualifying payment amount for CPT 11970 is the appropriate reimbursement rate and proposed a final offer of $0.  See Complaint Ex. 4 IDR DISP- 16595857 at 2 (Doc. No. 20-4).  The CIDRE then reviewed the submissions of Northeast and Cigna, and adjudicated the dispute to award Northeast $20,800.  See 56(a)(2) Stats. at ¶ 11.

The Federal IDR Process Guidance expressly provides a mechanism by which a non-initiating party, who "believes that the Federal IDR Process is not applicable," may raise that challenge: the party "must notify the Departments by submitting the relevant information through the Federal IDR portal as part of the certified IDR entity selection process," within one business day after the end of the CIDRE selection period.  See Federal IDR Process Guidance for Certified IDR Entities at section 4.4 (March 2023). Cigna did not challenge the dispute resolution process.  Cigna only now seeks to challenge the IDR determination after it lost.

Second, the certified IDR entity determined that the IDR process was applicable. The Federal IDR Process Guidance provides that the CIDRE must determine whether

the Federal IDR Process is applicable to the items and services that are the subject of the dispute. See Federal IDR Process Guidance at section 4.6.2.

Cigna had the opportunity to raise the coverage issue before the CIDRE. Cigna argued that the "QPA [determined to be $524.07 for CPT 11970 by the IDR] is the appropriate reimbursement rate for the service at issue." See Complaint Ex. 4 IDR DISP- 16595857 at 2 (Doc. No 20-4). Cigna submitted a final offer of $0. Id. In issuing its monetary award, the CIDRE determined that the IDR process applied to this claim. That determination was made by the entity Congress charged with making it. Nowhere in the IDR determination is Cigna shown to have argued a coverage issue. Id. Instead, Cigna offered its arguments to the CIDRE, which concluded it did not agree with Cigna. Cigna already had an opportunity to present its "coverage denial defense" by submitting "additional information" and making its "$0" offer. By issuing its ruling, the CIDRE determined that the IDR process is applicable. See Shareef Jandali at 20-22. Cigna now asks this court to review that determination and conclude that the claim was ineligible for the IDR process and its coverage determination. Doing so would require precisely the judicial review that Cigna vehemently argues this court cannot conduct in its own efforts to dismiss Northeast's action. See generally Mot. to Dismiss.

Cigna's position in this litigation is internally inconsistent for the same reasons courts identified in Shareef Jandali and Agag. See Shareef Jandali, at 20; see also Agag, 2026 WL 1021213, at *15. Cigna argues that the NSA forbids this court from exercising judicial review of an IDR determination. However, when it loses, Cigna asks this court to engage in judicial review. Cigna cannot simultaneously ask the court to not

14

engage in judicial review when the provider seeks to collect, but then ask this court to engage in judicial review when Cigna seeks to overturn the IDR award.

If this court accepts Cigna's defense, it would create a systemic loophole. Insurers could avoid IDR enforcement by characterizing any claim awarded by an IDR as involving lack of coverage, which would render the proceeding void. Insurers would wait and see how many providers would take the time, effort, and money to engage in the entire billing, IDR, and court process. Then the insurer would claim a coverage denial and demand a do-over, reducing the provider's own resources and placing a burden on them. The entire time Cigna would face only a possible nominal administrative penalty that the government would collect.[4] That is exactly the absurd result this court found unacceptable in Shareef Jandali. It is equally unacceptable here. See Shareef Jandali at 11–14.

D.    Whether FAA Section 9 Applies Independently

As this court explained in Shareef Jandali, the NSA independently authorizes judicial enforcement. See Shareef Jandali at 22. The court need not decide whether FAA section 9 separately provides an enforcement pathway.

E.    Rule 12(b)(6)

Cigna has also moved to dismiss for failure of Northeast to state a Claim. Northeast has pled a claim under the statutory cause of action discussed above. Northeast has alleged it provided medical services to patients insured by Cigna. See Complaint at ¶¶ 7, 23, 39, 55. However, Northeast is an out of network provider with no

---

[4] Another possible consequence would be that the physician would not treat patients in out-of-network emergency situations.

network contract with Cigna.  Id. at ¶¶ 11, 27, 43, 59.  Northeast filed claims with Cigna, but Cigna did not pay.  Id. at ¶¶ 9-10, 25-26, 41-42, 57-58.  Northeast initiated the IDR process, and it ultimately prevailed, and awarded a binding award.  Id. at ¶¶ 16-18, 32-33, 48-49, 64-65.  Cigna failed to pay.  Id. at ¶¶ 22, 38, 54, 71.

Northeast pled all elements of a cause of action under the NSA.  Therefore, Cigna's Motion to Dismiss under Rule 12(b)(6) is denied.

### F.    Northeast's Cross Motion to Confirm IDR Award and Fees

#### 1.    Cross Motion to Confirm IDR

The court now turns to the Motion to Confirm and for Summary Judgment of the IDR award.  See Doc. No. 20.  The following facts are undisputed:[5]

1) Northeast provided medical services to patient L.T.  See 56(a)(2) Stats. at ¶ 3.

2) Plaintiff is an out-of-network provider with no network contract with Cigna. Id. ¶ 2.

3) Cigna made no payment on the underlying claim.  Id. at ¶¶ 5-6.

4) Plaintiff initiated the IDR process.  The CIDRE issued an award on September 23, 2024, finding Plaintiff to be the prevailing party and awarding $20,800.  Id. at ¶ 11.

5) Cigna has not paid the award.  Id. at ¶ 13.

6) More than 600 days have elapsed since Cigna's statutory payment deadline. Id. at ¶ 14.

---

[5] In cases where Cigna denied part of a statement in the 56(a)(2) Statement, the court reads the part not denied as admitted. Where Cigna's partial denial is supported by evidence, the court has noted that denial. If the denial or partial denial does not have evidence to support it, the court deems the Statement admitted in that regard. See Connecticut Local Rule 56(a)(3).

Judicial review must be based on one of the four exceptions in the NSA: corruption, fraud, partiality, or exceeding the arbitrators' powers.  See 42 U.S.C. § 300gg-111(c)(5)(E)(i)(II). Cigna does not contend that the award was procured by fraud or misrepresentation, or any of the four exceptions for judicial review.  See generally 56(a)(2) Stats.  Cigna does not dispute that it failed to pay the award.  See id. at ¶ 13. Therefore, there is no genuine issue of material fact, and the award is confirmed as a matter of law.  The Motion for Summary Judgment is granted.

### 2.    Post-Judgment Interest and Fees

The Clerk shall enter judgment confirming the IDR award of $20,800.00 in favor of Northeast.  Post-judgment interest shall accrue from the date of entry of judgment pursuant to 28 U.S.C. section 1961.

At this time, the court declines to award pre-judgment interest or attorneys' fees, as these issues were not adequately briefed by the parties.

## V.    CONCLUSION

The NSA's carefully constructed IDR framework, representing a significant legislative effort by Congress to help both patients and providers in emergency health situations, is rendered meaningless if prevailing providers are left without judicial enforcement to collect what they are owed.  Such a result is not only inconsistent with the plain meaning of the text and structure of the legislation, as well as the principles that guide statutory interpretation, but it also produces precisely the kind of absurd outcome that courts are obligated to reject.  See, supra, Part IV.B.1-4.

Based on the foregoing, Northeast has a cause of action to enforce the IDR award.  Further, under Rule 12(b)(6), it has pled such a cause of action.  Therefore, Cigna's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) is denied.  The

court denies Cigna's Motion to Dismiss (Doc. No. 18). The court grants Northeast's Cross Motion for Confirmation/Summary Judgment with regard to the only remaining patient dispute, L.T. (Doc. No. 20). The Clerk shall enter judgment confirming the IDR award concerning L.T.'s treatment of $20,800, in favor of Northeast. As to the other three IDR awards to Northeast, those were withdrawn.

Northeast may file a motion for an award of the IDR fees and pre-judgment interest within 21 days of this Ruling.

The Clerk is directed to close the case.

**SO ORDERED.**

Dated at New Haven, Connecticut this 21st day of July 2026.

        /s/ Janet C. Hall
        Janet C. Hall
        United States District Judge